IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES RENFROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 10-359 |
| | ) | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COME NOW the Defendants, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, a Corporation, and files this Notice of Removal of this action from the Circuit Court of Baldwin County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division. As grounds hereto, these Defendants show unto the Court as follows:

### BACKGROUND OF THIS ACTION

1. The above-entitled cause has been brought in the Circuit Court for Baldwin County, Alabama, by service of the Summons and Complaint via certified mail on or about June 14, 2010, and is now pending therein. A complete copy of the lawsuit along with all State Court pleadings are attached as Exhibit "A" and are incorporated herein by reference. This case is being removed within 30 days of receipt of a pleading which indicates the case is removable and well within one year of the commencement of this action.

2. Said action is of a civil nature at law whereby Plaintiff seeks to recover damages in excess of $75,000 from these Defendant, exclusive of interest and costs. Should Plaintiff stipulate that he will never seek or attempt to recover monetary damages in this case in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00) exclusive of interest and costs or retain any judgment in excess of SEVENTY-FIVE THOUSAND and NO/100 ($75,000.00), these Defendants will agree to the remand of this litigation.

## THE PLAINTIFF

3. Upon information and belief, and as pled in the Plaintiff's Complaint, the Plaintiff is a resident of Baldwin County, Alabama.

## THE REMOVING DEFENDANT

4. At all times referred to in the Complaint including the date of filing of the Complaint, the Defendant, Allstate Property and Casualty Insurance Company, was a foreign corporation organized and existing under the laws of the State of Illinois with their principal place of business in the State of Illinois.

## GROUNDS FOR REMOVAL

5. This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

6. This Notice of Removal is also timely filed because it is being submitted within one year from the June 4, 2010, date of commencement of the action.

7. A true and correct copy of this Notice of Removal is being served on counsel for Plaintiff this date.

8. A true and correct copy of Notice of Filing Notice of Removal is being filed with the

Clerk of the Circuit Court of Baldwin County, Alabama this date.

9. No special bail was or is required in this action.

## JURISDICTION UNDER 28 U.S.C. §1332

10. This action could have originally been brought in this Court pursuant to 28 U.S.C. §1332 in that it is a civil action wherein the matter in controversy exceeds $75,000 exclusive of interest and costs and there is diversity of citizenship among the parties.

11. With regard to the amount in controversy requirement, Plaintiff's counsel previously sent correspondence to this Defendant on April 1, 2010 demanding payment in the amount of $72,902.60. (See April 1, 2010 correspondence with enclosures, attached hereto as Exhibit "B"). The subject correspondence includes supporting invoices and/or estimates and also provides that, "[i]n addition, [the Plaintiff] is being charged $90.00 per day by the boat repair company and his expenses are rising." Taking this into account, the Plaintiff's expenses from April 1, 2010 until the day of this filing totals $9,270.00.[1] These daily expenses combined with the Plaintiff's initial demand of $72,902.60 provide for damages of **$82,172.60**, in excess of the $75,000.00 threshold for federal jurisdiction.

12. In addition, Plaintiff's Complaint makes claims for breach of contract and "bad faith" and fraud and demands punitive damages and attorneys fees. Alabama Courts have routinely affirmed verdicts in excess of $75,000.00 based upon allegations of "bad faith". See also, Standard Plan, Inc. v. Tucker, 582 So. 2d 1024 (Ala. 1991) (affirming $500,000 verdict for punitive damages in a "bad faith" action); Aetna Life Ins. Co. v. Lavoie, 505 So. 2d 1050 (Ala. 1987) (ordering remittitur of $3,500,000 verdict to $3,000,000); United Ins. Co. of America v. Cope, 630 So. 2d 407

---

[1] The Plaintiff's correspondence indicates daily expenses of $90.00 per day, beginning April 1, 2010. As such, one hundred and three (103) days have passed since this time. 103 days x $90.00 per day =$9,270.00 of additional expense since the April 1st correspondence.

01476774.1/1050-0405

- 3 -

(Ala. 1993) (reversing and remanding jury verdict for $1,000,000 in compensatory damages and $3,000,000 in punitive damages in "bad faith" action).

13. Plaintiff's Complaint provides a description of his claims and injuries, however it fails to provide a sum certain dollar figure which Plaintiff is seeking. "When the Complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Pretka v. Kolter City Plaza II, Inc., 2010 WL 2278358 * 8 citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[I]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id.; see also, e.g., 16 James Wm. Moore et al., Moore's Federal Practice § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement has been satisfied.").

14. In AAA Abachman Enterprises, Inc. V. Stanley Steemer International, Inc., at 268 Fed. Appx. 864 (11th Cir. 2008), the Plaintiff held a perpetual and exclusive license to operate Defendant Stanley Steemer's carpet and upholstery business in the upper half of Palm Beach County, Florida. Thereafter, the Defendant entered into a exclusive contract with Thomas Scalera to operate a Stanley Steemer duct cleaning business in Plaintiff's territory. As such, Plaintiff's counsel sent

correspondence to the Defendant stating that the Scalera contract violated his exclusive rights under the franchise agreement and threatened legal action. In addition, the letter provided that he would "suffer hundreds of thousands of dollars in damages" if the issue was not rectified. Stanley Steemer failed to accede to Plaintiff's demand and suit was filed in a Florida State Court. Thereafter, Stanley Steemer removed the case to federal court. The Plaintiff filed a motion to remand contending that the amount in controversy requirement had not been met. The District Court denied Plaintiff's motion. On appeal, the Eleventh Circuit affirmed the District Court's ruling, specifically noting that "the demand letter from [Plaintiff's] attorney stated that [Plaintiff] would 'suffer hundreds of thousands of dollars in damages ...".

15. Likewise, in <u>Frazier v. Shelton and Tyrone Powe Logging</u>, 2009 WL 1598428 (S.D. Ala.), this Court considered whether a pre-suit demand letter established the Defendant's burden of satisfying the amount in controversy requirement to obtain Federal Court jurisdiction. There, this Court found that correspondence demanding $6,000,000.00 from the Defendant was **unambiguous evidence** that the Plaintiff would be seeking an amount in excess of the $75,000.00 threshold for federal jurisdiction. (Emphasis Added).

16. In the present case, Plaintiff's counsel sent correspondence to this Defendant enclosing a damage estimate and demanding payment in the amount of $72,902.60. (See Exhibit "B"). In addition, as noted *supra*, the subject correspondence provides that, in addition to that sum, "[the Plaintiff] is being charged $90.00 per day by the boat repair company and his expenses are rising." Therefore, the daily expenses alone would exceed $9,000.00. These combined daily expenses when added to Plaintiff's initial demand/repair estimate of $72,902.60 provide for damages in excess of the $75,000.00 threshold for federal jurisdiction. The subject settlement offer is not of

the nature of those that reflect "puffing and posturing", but instead includes concrete and ascertainable figures supported by estimates and invoices enclosed with the demand letter. The subject demand letter provides "specific information ... to support [the Plaintiff's] claim for damages" suggesting that the Plaintiff is "offering a reasonable assessment of the value of [his] claim." Jackson v. Select Portfolio Servicing, Inc., 2009 WL 2385084, * 1 (S.D. Ala 2009).

17. There is complete diversity of citizenship between the Plaintiff and all Allstate defendants, including the properly named defendant, Allstate Insurance Company. As such, all defendants consent to this Notice of Removal.

18. This suit is removed to this Court, under and by virtue of the Acts of Congress of the United States, and the Defendants are desirous of removing said cause to this Court.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that the above-entitled cause be removed to the United States District Court for the Northern District of Alabama, Southern Division, according to the statutes in such case made and provided.

DONE this the 14th day of July, 2010.

Respectfully submitted,

s/Douglas R. Kendrick
Thomas E. Bazemore, III
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Highway 280 South
Birmingham, Alabama 35223
205-251-1193
205-251-1256
teb@hfsllp.com
drk@hfsllp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the **14th** day of **July, 2010,** I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing and/or by depositing a copy of same in the United States Mail, postage prepaid and properly addressed on the following:

D. Trice Stabler
LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633

                                                s/Douglas R. Kendrick
                                                Of Counsel