# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES RENFROE,** | : |
| | : |
| Plaintiff, | : |
| | : |
| VS. | : CIVIL ACTION NO. 10-00359-CG-B |
| | : |
| **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,** | : |
| | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff Charles Renfroe's Motion to Remand (Doc. 10), Defendant Allstate Property and Casualty Insurance Company's Response (Doc. 12), and Plaintiff's Reply (Doc. 15). Based upon a careful review of the above-referenced documents and the case file, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

## I. Background

On June 4, 2010, Plaintiff Charles Renfroe filed the instant action against Defendant Allstate Property and Casualty Insurance Company (hereinafter "Allstate"). In the complaint, Plaintiff alleges that he is the owner of a 1984 Hatteras boat, that in January 2010, the boat was substantially damaged as a result of a stray electrical current, that at the time of the accident, the boat was insured under a boat insurance policy issued by Allstate, that he made a claim for repair costs under the policy, and that Allstate denied his claim. Plaintiff

asserts claims against Allstate for breach of contract, bad faith and fraud, and requests compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of the circuit court.[1]

On July 14, 2010, Allstate filed a Notice of Removal, along with a copy of the state court pleadings, and a written settlement demand from Plaintiff's counsel. (Doc. 1, Exs. 1, 2). In the Notice, Allstate asserts that removal is proper under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties, and the amount in controversy exceeds the threshold jurisdictional amount of $75,000. According to Allstate, in correspondence dated April 1, 2010, Plaintiff's counsel demanded $72,902.60 to settle the claim, and included supporting invoices and/or estimates that reflect that the costs were rising because Plaintiff was being charged $90 per day, commencing April 1, 2010, by the boat repair company. Allstate contends that when the $72,902.60 settlement demand is added to the daily expense,

---

[1] The circuit court shall have exclusive original jurisdiction of all civil actions in which the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs.

Code of Ala. § 12-11-30

which then totaled $9270[2], Plaintiff's expense of $82,172.60 exceeds the jurisdictional amount. Allstate further argues that Plaintiff has asserted breach of contract, fraud and bad faith claims, and that courts have generally affirmed verdicts in excess of $75,000 for bad faith claims.

On August 13, 2010, Plaintiff filed the instant motion to remand. (Doc. 10). In his motion, Plaintiff asserts that Allstate cannot establish that the amount in controversy exceeds the jurisdictional threshold of $75,000. Plaintiff argues that while the settlement letter constitutes "other paper" on which Allstate can properly rely in order to establish jurisdiction, and the $72,902.60 demand amount represents a reasonable assessment by Plaintiff's counsel of the true value of Plaintiff's claims, said amount is not sufficient because it falls short of the jurisdictional requirement. According to Plaintiff, the settlement demand of $72,902.60 included both estimated repair costs and daily storage charges and Allstate's assertion that Plaintiff has incurred an additional cost of $9,270 for 103 days of storage expenses is sheer speculation because Plaintiff has not been charged a storage expense for each day since April 1, 2010. According to Plaintiff, the

---

[2] Defendant reached the $9270.00 figure by multiplying the daily rate of $90 by the number of days that had passed between the April 1, 2010 letter, and Defendant's response, namely 103 days ($90 x 103 = $9,270.00).

3

circumstances under which Plaintiff is to be charged the daily storage expense varies, and at this point, there is no way to calculate this expense; thus, Allstate has failed to establish that the amount in controversy exceeds $75,000.

In its response in opposition (Doc. 12), Allstate argues that this case was properly removed under the first paragraph of § 1446(b) because it was removed within thirty days of service of the summons and complaint. Allstate further argues that Plaintiff's counsel has acknowledged that at least $72,902.60 in contractual damages is in controversy and has represented that as of April 1, 2010, Plaintiff is being charged $90 per day by the boat repair company, and that the expenses are rising; thus, it is clear that Plaintiff has incurred expenses exceeding the jurisdictional amount and is incurring additional fees into the future.[3] In addition, Defendant contends that Plaintiff's bad faith claim and his request for punitive damages add substantial value to the lawsuit, and that it is more likely than not that if Plaintiff prevails in proving his extra-contractual claims, those claims would exceed $2,097.40.

**II. Analysis**

    **A. Standard of Review**

---

[3] Allstate also contends that the insurance policy at issue provides coverage for damages to the boat up to $245,000. (Doc. 12, Ex. A).

4

A removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. See Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005)("In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists")(citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). When, as here, damages are not specified in the state court complaint, the defendant seeking removal must prove by a preponderance of the evidence that "the amount in controversy more than likely than not exceeds ... the jurisdictional requirement." Roe v. Michelin N. Am., Inc., 2010 U.S. App. LEXIS 16190, *6 (11th Cir. Aug. 5, 2010)(citation omitted). A removing defendant is not required however "to prove the amount in controversy beyond all doubt or

to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

In determining the amount in controversy, the court should look to the complaint; however, if the amount is unavailable from the complaint, the court can look to the notice of removal and other "evidence relevant to the amount in controversy at the time the case was removed. Id. In Pretka, the Eleventh Circuit held that a party seeking to remove a case to federal court pursuant to the first paragraph of § 1446(b) is not restricted in the types of evidence it may use to satisfy the jurisdictional requirements for removal. Id. at 770-71. Moreover, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." Id. at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe, 2010 U.S. App. LEXIS 16190 at *13.

**B. Discussion**

The instant action was removed by Allstate based on diversity jurisdiction. There is no dispute regarding the existence of complete diversity among the parties. Allstate removed this action utilizing the first paragraph of § 1446(b)

and the record reflects that removal was timely sought within thirty days of service of the summons and complaint. Additionally, the parties agree that at least $72,902.60 is in controversy. As noted supra, Plaintiff acknowledges that the $72,902.60 amount contained in his counsel's settlement letter dated April 1, 2010, and in the attached estimate, represents his counsel's reasonable assessment of the value of Plaintiff's claim. Thus, the question before this court is whether Defendant has established that an additional amount in excess of $2097.41 is in controversy.

Two cases are instructive on this issue. In <u>Henderson v. Dollar General Corp</u>., 2009 U.S. Dist. LEXIS 29903(S.D. Ala. Apr. 7, 2009), the plaintiff sued alleging that she slipped and fell on the defendant's premises, that she incurred $57,328 in medical bills and $9000 in lost earnings, that she suffered pain and suffering and emotional distress in an unspecified amount, and that she would lose future earnings. The plaintiff's husband also sought unspecified damages for loss of companionship and services. Both compensatory and punitive damages were requested. When the court *sua sponte* required the parties to address the issue of whether the jurisdictional amount was satisfied, the plaintiff's counsel agreed with the defendant's contention that the jurisdictional amount had been satisfied.

In determining whether the amount in controversy requirement was satisfied, the court stated as follows:

> The defendant need only make up a difference of less than $10,000 in controversy to keep this case in federal court. Although the evidence before the court is not impregnable, "a fair and impartial mind" would clearly find that years of pain in addition to the other elements of damages that the plaintiff claims add up to a dispute of that amount.

Id. at *10.

In a second case, Blackwell v. Great American Financial Resources, Inc., 620 F. Supp. 2d 1289 (N.D. Ala. 2009), the court addressed the issue of whether the plaintiff's complaint, which sought compensatory and punitive damages, exceeded the jurisdictional amount. In his amended complaint, the plaintiff alleged fraudulent mispresentation in relation to the purchase of investment annuities. The plaintiff sought $23,172.28 in surrender charges withheld by the defendant due to the plaintiff's termination of the annuities contracts, and punitive damages in an unspecified amount for the alleged fraud. In determining whether the amount in controversy requirement was satisfied, the court stated as follows:

> Here, the First Amended Complaint charges a conspiracy that continued for more than two years and, in the process, syphoned away much of an elderly man's life savings under false pretenses. (Doc. 1-2.) The compensatory damages claimed in the First Amended Complaint for the surrender charges total $23,172.28. That

> amount alone constitutes approximately one
> third of the jurisdictional minimum. When
> the punitive damages claims for what "may be
> awarded" are considered in relation to
> both the compensatory damages claims and the
> conduct alleged, a punitive award of
> slightly more than double the compensatory
> damages claim would occasion an amount in
> controversy that exceeds the jurisdictional
> minimum. Such an amount is uncontroversially
> within the limits of the Due Process Clause.
> *See generally* State Farm Mut.Auto. Ins.
> Co. v. Campbell, 538 U.S. 408, 123 S. Ct. 1513,
> 155 L. Ed. 2d 585 (2003); BMW of North America,
> Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589,
> 134 L. Ed. 2d 908 (1996).

Id. at 1291. See also Katz v. J.C. Penney Corp., 2009. U.S. Dist. LEXIS 51705 at *16-17 (S.D. Fla. June 1, 2009)(court held that "even if this Court were to exclude the future medical expenses as speculative, the other damages such as pain and suffering that are being sought by Plaintiffs, if proven, together with the medical costs [of $58,995.78] already incurred by Plaintiffs, support a finding that the jurisdictional amount in controversy has been established).

In this case, the parties agree that at least $72,902.60 in compensatory damages for repairs to the boat are at stake, and based on the repair estimate submitted in conjunction with the April 1, 2010 settlement letter from Plaintiff's counsel, it is conceivable that additional amounts are at stake for storage fees. Assuming *arguendo* that as Plaintiff contends, the storage fees are excluded as too speculative, Defendant must establish

9

that an additional amount in excess of $2097.40 is at stake. Given the record evidence in this case, the Court need not make a giant leap in order to find that Plaintiff's claims exceed the jurisdictional amount. First of all, the compensatory damages at stake amount to more than 95% of the jurisdictional threshold. In addition, Plaintiff has alleged that Allstate made fraudulent misrepresentations and exercised bad faith in denying his claim, and that as a result, he is entitled to punitive damages. The law is clear that the amount in controversy includes not only compensatory damages, but punitive damages as well. See, e.g., Rae v. Perry, 2010 U.S. App. LEXIS 17209 (11th Cir. Aug. 16, 2010) (punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases)(citations omitted); Ryan v. State Farm Mut. Auto Ins. Co., 934 F.2d 276, 277 (11th Cir. 1991) ("Ryan's claim for punitive damages due to the insurance company's refusal to pay raises the amount in controversy to a sufficient level to acquire federal jurisdiction."); Holley Equipment Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (In determining the jurisdictional amount in controversy in diversity cases, "punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered.")(citations omitted). Moreover, Alabama courts have authorized the award of punitive damages for fraud and bad faith claims. Nat'l Insurance

Assoc. v. Sockwell, 829 So. 2d 111 (Ala. 2002)(state supreme court affirmed punitive damage award for bad faith in evaluating insurance claim); Griggs v. Finley, 565 So. 2d 154, 162 (Ala. 1990)("[I]f the misrepresentation is shown to have been made with knowledge that it is false, then the law permits punitive damages by way of punishment."); Carnival Cruise Lines, Inc. v. Goodin, 535 So.2d 98, 101 (Ala. 1988) ("If the evidence establishes an intent to defraud or deceive, the law permits the imposition of punitive damages."). While Plaintiff has not sought a specific amount of punitive damages in this case, reasonable minds can logically conclude that if Plaintiff's bad faith and fraud claims are proven, the punitive damages sought by Plaintiff, coupled with the compensatory damage amount of $72,902.60, suffice to satisfy the jurisdictional amount in this case. Roe, 2010 U.S. App. LEXIS 16190 at *9. ("[A] district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount.'")(citation omitted).

Accordingly, the undersigned RECOMMENDS that Plaintiff's Motion to Remand be DENIED.

The attached sheet contains important information regarding objections to this recommendation.

11

DONE this **23rd** day of **September, 2010.**

                                              /s/ Sonja F. Bivins
                                      **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND <u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

l.  *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

13

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **23rd** day of **September, 2010.**

                                        **/s/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**